*Read, J.
This ease was reserved to determine the constitutionality of the act passed February 13, 1839, authorizing a quorum of the judges of the court of common pleas of the county to hold special sessions for the transaction of probate business, and the trial of all criminal offenses, the punishment of which is not capital, and the granting of licenses, etc. There is reason to entertain much doubt whether this act is constitutional.
Section 4 of the third article of the constitution confers complete criminal jurisdiction upon the judges of the Supreme Court and courts of common picas, in such eases, and in such manner as may be pointed out by law. In all matters of law and equity, section 1 of the third article of the constitution confers jurisdiction upon the Supremo Court, courts of common pleas, justices of the peace, and such other courts as the legislature from time to time may establish. In civil matters the legislature is, by the constitution, authorized to confer jurisdiction, not only upon the courts specified in the constitution, but upon such courts as the legislature may from time to time establish; but in criminal matters complete jurisdiction is conferred upon the judges of the Supremo Court and courts of common pleas, in such cases and in-such manner as may be pointed out by law.
By what authority, thon, can the legislature confer criminal-jurisdiction upon any court they may see proper to create?
Will it be contended that the constitution, conferring complete criminal jurisdiction upon the Supreme Court and courts of common picas, does not forbid the legislature from conferring it upon other courts? This would violate the well-established rule of construction, that where the constitution confers the power upon one tribunal it forbids ils exercise by any other.
But if the word “complete” does not, in the sense it is used in the constitution, mean exclusivo, and other courts may be created for the trial of criminal cases, why do not such courts have complete jurisdiction as well as the supreme and courts of common picas? The exercise of a power conferred would *bo complctc within the limit of its action. Hence the constitution would read, by this construction, that complete jurisdiction shall be conferred upon all courts the legislature may establish for the-trial of crimes and offenses, and the legislature may create such courts as they may see proper for the trial of -criminal offenses.
But it may be said the jurisdiction of the supreme and courts- *156 of common pleas is complete in such cases as'may bo pointed out bylaw; but the fact that they have only jurisdiction in such cases as are pointed out by law, does not confer a power upon tho legislature to create other courts not named in the constitution.
The courts have no power to declare a crime; they only have power to punish crimes defined and declared by law. But if the legislature may create special courts for the trial of criminal offenses, there is no constitutional guard against the creation of new .and strange tribunals, to which the people are unaccustomed, for the determination of questions affecting reputation, liberty, and life. And times of high political excitement and religious intolerance may arise, when the old, long-established, and well-known constitutional courts will be the best, if not only, safeguard of tho citizen ; and the power to create new courts for the punishment now crimes would be at the hazard of all right.
But this question, grave and important as is, wo do not now pretend to decide, as the statute creating this court has. been repealed, and as there are other points which must determine this ease.
The declaration avers that the defendant was recognized to appear before the next criminal court of common pleas.
The assignment of the breach is, that the defendant did not appear at the next court of common pleas. Non constat that ho did not appear at the next criminal court of common pleas. Tho breach assigned does not meet the condition of tho recognizance. There is no such court as the criminal court of common pleas. But suppose we say tho criminal court of common pleas means the special session of the ^common pleas, as specified in the statute creating such court; still it does not appear but that tho recognizance was forleited at the general session of the court of common pleas. It can not be contended that, if the defendant was recognized to appear at the special session, that he was bound to appear at the general session or forfeit his recognizance. All that he is bound to do is to comply with the letter of his recognizance,becauso a recognizance has no spirit or power beyond its letter. If the condition of the recognizance is impossible to be complied with — as requiring an appearance before a court that has no existence, or ambiguous, leaving it doubtful before which ■of two courts the defendant shall appear’ — the recognizance is ■void; or, at all events, if the condition of the recognizance re *157 quires the party bound to appear before either one of two courts, the declaration should show that the partyappeared before neither.
Hence there is-an ambiguity in the condition, of the recognizance, not helped by averment; and the breach assigned is too narrow to exclude the possibility of the condition having been performed. Demurrer sustained.